SCOTT N. SCHOOLS (SC 9990)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MELISSA K. BROWN (CSBN 203307)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6962
    FAX: (415) 436-6748
    melissa.k.brown@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARY JENKINS, | No. C-07-5846 JSW |
|     Plaintiff, | **FEDERAL DEFENDANT'S ANSWER** |
|     v. | |
| UNITED STATES | |
|     Defendant. | |

For its Answer to Plaintiff's Complaint, Federal Defendant UNITED STATES ("Federal Defendant") admits, denies, and alleges as follows:

1. This paragraph contains jurisdictional allegations to which no answer is required.

2. Federal Defendant lacks sufficient information to admit or deny the allegations of this paragraph and on that basis denies the allegations of this paragraph.

3. This paragraph contains legal and jurisdictional allegations to which no answer is required.

4. Admit.

5. Federal Defendant admits that the United States Postal Service was the owner of a 1994 Grumman vehicle number 4313610 which was being driven at the time and place alleged, by Curtis Claude Holmes. Except as expressly admitted, all remaining allegations are denied.

6. Federal Defendant lacks sufficient information to admit or deny the allegations of this paragraph and on that basis denies the allegations of this paragraph.

7. Deny.

8. Deny.

9. Federal Defendant lacks sufficient information to admit or deny the allegations of this paragraph and on that basis denies the allegations of this paragraph.

10. Federal Defendant lacks sufficient information to admit or deny the allegations of this paragraph and on that basis denies the allegations of this paragraph.

11. Federal Defendant lacks sufficient information to admit or deny the allegations of this paragraph and on that basis denies the allegations of this paragraph.

12. Federal Defendant admits that Plaintiff filed a claim for damages to the United States Postal Service and that said claim was denied in writing on October 26, 2007.

13. This paragraph contains legal conclusion to which no response is required.

Except as expressly admitted, all remaining allegations are denied. The paragraph beginning with WHEREFORE sets forth Plaintiff's prayer for relief to which no response is required. To the extent this paragraph is deemed to contain allegations of material fact, it is denied.

All allegations not specifically responded to above are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Federal Defendant denies that it or any of its agents or employees were negligent and/or breached any standard of care due to Plaintiff and/or engaged in any conduct that was the proximate cause of the injuries, damages, and losses allegedly incurred by Plaintiff. The Federal Defendant through its employees, exercised due care and diligence in all matters relevant to the subject matter of Plaintiff's complaint.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries, if any, were proximately caused by Plaintiff's own negligent or otherwise wrongful conduct.

### THIRD AFFIRMATIVE DEFENSE

Any recovery or other award made against the United States herein must be reduced by the percentage of fault of the plaintiff and/or other third party, and any recovery or other award made against the United States herein for non-economic damages must be limited to the percentage of fault, if any, of the United States.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff may recover only those damages allowed under the law.

### FIFTH AFFIRMATIVE DEFENSE

Federal Defendant is entitled to absolute, sovereign, and/or qualified immunity.

### SIXTH AFFIRMATIVE DEFENSE

Pursuant to 28 U.S.C. § 2675, Plaintiffs are prohibited from claiming or recovering an amount against the United States in excess of that which was set forth in any claim presented to the United States.

### SEVENTH AFFIRMATIVE DEFENSE

Pursuant to 28 U.S.C. § 2674, Plaintiff is proscribed from recovering any amount for prejudgment interest or punitive damages against the United States.

### EIGHTH AFFIRMATIVE DEFENSE

Under 28 U.S.C. §2412(d)(1)(A), Plaintiff cannot recover attorney's fees from the United States.

### NINTH AFFIRMATIVE DEFENSE

Pursuant to 28 U.S.C. § 2402, Plaintiff is not entitled to a jury trial.

### TENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff fails to state any claim on which relief can be granted, that claim should be dismissed.

### ELEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff has failed to exhaust administrative remedies with respect to any claim, that claim should be dismissed.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's damages, if any, are barred by failure to mitigate.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Federal Defendant contests the amount and/or necessity of any claim of damages for which Plaintiff seeks relief in her complaint.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's recovery, if any, is bared by the doctrines of unclean hands, laches, and estoppel.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's alleged injuries were proximately caused by the intervening or superseding acts of someone other than an employee of the United States acting within the scope of his employment.

**SIXTEENTH AFFIRMATIVE DEFENSE**

To the extent this action is brought pursuant to the Federal Tort Claims Act, the court lacks subject matter jurisdiction over any defendant other than the Federal Defendant, including but not limited to individual defendants.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Federal Defendant reserves the right to amend its Answer with additional defenses of which it may become aware as discovery progresses and to raise any other matter constituting an avoidance or affirmative defense.

**PRAYER FOR RELIEF**

WHEREFORE, Federal Defendant requests that the Court enter judgment in favor of the Federal Defendant, that the Complaint be dismissed with prejudice, and that the Federal Defendant is granted such other and further relief as the Court may deem just and proper, including recovery of all costs.

//
//
//

FEDERAL DEFENDANT'S ANSWER
C- 07-5846 JSW

1 | of suit and appropriate fees.

2

3 | DATED: December 20, 2007

Respectfully submitted,
SCOTT N. SCHOOLS
United States Attorney

/s/
_____
MELISSA K. BROWN
Assistant United States Attorney

FEDERAL DEFENDANT'S ANSWER
C- 07-5846 JSW