DONA COHN- PAYNE (CSBN 139707)
Cohn Law Firm
PO Box 262
Sonoma, CA 95476
Telephone: (707) 935-9393
Facsimile: (707) 935-9396

Attorney for Plaintiff

JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MELISSA K. BROWN (CSBN 203307)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6962
    FAX: (415) 436-6748
    melissa.k.brown@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARY JENKINS,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE<br>    Defendant. | No. C-07-5846 JSW<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Date: March 7, 2008<br>Time: 1:30<br>Location: Courtroom #2, 17th Floor<br>Honorable Jeffrey S. White |

    The parties jointly submit this Case Management Statement and request that the Court adopt it as its Case Management Order in this action.

    **1. Jurisdiction and Service:** The parties agree this Court has jurisdiction over plaintiff's causes of action arising under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et.seq.* Service has been completed.

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
C-07-5846 JSW

**2. Facts:**

On November 19, 2007, Plaintiff Mary Jenkins ("Plaintiff") timely filed a Civil Complaint for Damages for Personal Injuries pursuant to the FTCA.  Prior to filing her complaint, Plaintiff timely made a claim for personal injuries with the United States Postal Service on December 1, 2006 for $475,000.00, which was denied on October 26, 2007.  By her complaint, Plaintiff alleges that she suffered injuries when she was struck by a United States Postal van on or about June 10, 2005. Plaintiff alleges that she was a passenger in a vehicle that was in the process of crossing an intersection, when a postal truck ran a posted stop sign and collided with the vehicle in which Plaintiff was a passenger.  Plaintiff further alleges that Mr. Curtis Claude Holmes ("Mr. Holmes") a postal employee, was driving the United States Postal van that struck her.  Plaintiff claims to have suffered neck and back injuries which required laminectomies and decompression surgery to her lumbar spine as a result of the accident. Plaintiff seeks general and special damages in this action.

**3. Legal Issues:**

    A.    Whether Defendant was negligent in the entrustment, maintenance and or operation of the United States Postal van driven by Mr. Holmes.

    B.    Whether Plaintiff is entitled to general and special damages in this action.

    C.    The amount, if any, of Plaintiff's alleged damages in this action..

**4. Motions:** The parties filed a Joint Stipulation dismissing the individual defendant Mr. Holmes from this action and substituting the Untied States as the proper defendant under the FTCA. Defendant may file a motion for summary judgment after discovery in this case.  Plaintiff and Defendant may file Motions in Limine.

**5. Amendment of Pleadings:** The Parties do not anticipate any amendments.

**6. Evidence Preservation:** Plaintiff and Defendant are taking, and will continue to take all reasonable steps to preserve any evidence relevant to the issues reasonably evident in this lawsuit.  Plaintiff and Defendant are presently aware of no document destruction programs that would apply in this case.

**7. Disclosures:** The parties will meet and confer about a date for initial disclosures.

**8. Discovery:** The Parties do not anticipate any request to depart from the discovery rules set forth in the Federal Rules of Civil Procedure and the Civil Local Rules, including the 25-interrogatory limit under Rule 33 and the 10-deposition limit under Rule 30. At this time, plaintiff anticipates taking discovery on the following: all of the allegations in Defendant's Answer to Complaint. Plaintiff will propound interrogatories, requests for admission and request for production of documents, as well as deposing any witnesses, including expert witnesses, defendant may identify in their disclosures. Plaintiff reserves the right to designate experts should the need arise after completing fact discovery.

At this time, the Defendants anticipate taking discovery on the following subjects: all of the allegations in Plaintiff's complaint, Plaintiff's claimed injuries, and Plaintiff's claim for damages. To that end, the Defendant may propound interrogatories, requests for admission, and requests for production of documents, and anticipates deposing any witnesses plaintiff may identify in her initial disclosures. Additionally, to the extent plaintiff seeks damages for any physical, mental or emotional distress, defendant will request that she submit to an independent medical examination. The defendant reserves the right to designate experts should such need arise after completing fact discovery. Defendant anticipates she will need approximately four (4) months to complete discovery and one (1) month to complete expert discovery if it becomes necessary.

**9. Class Actions:** Not applicable.

**10. Related Cases:** Counsel are not aware of any related cases.

**11. Relief:** Plaintiff general and special damages according to proof and costs.. Defendant seeks no damages in this action, other than dismissal and costs.

**12. Settlement and ADR:** The parties agree that this case is appropriate for court appointed mediation and the Court appointed Ike K. Lasater on February 21, 2008 as the mediator. Depositions of the Plaintiff and Claude Holmes, postal employee and a medical review are necessary to position the parties to negotiate a resolution.

**13. Consent to Magistrate Judge For All Purposes:** The parties do not consent to a magistrate judge.

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
C-07-5846 JSW

1   **14. Other References:** Not applicable.

2   **15. Narrowing of Issues:** Defendant believes that a motion for summary judgment may completely resolve or narrow the issues in this case. Plaintiff believes that a motion for summary judgment may narrow the issues in this case and believes that the parties can stipulate to some facts regarding the collision and authenticity of documents.

**16. Expedited Schedule:** Defendant contends this case is not appropriate for an expedited schedule. Plaintiff believes that a trial date in 2008 is warranted based upon good cause in that the Plaintiff is currently 79 years of age.

**17. Scheduling:**

    Proposed fact discovery cut-off: May 20, 2008

    Proposed cut-off for initial expert reports: June 20, 2008.

    Proposed expert discovery cut-off: July 21, 2008.

    Proposed dispositive motion hearing cut-off: October 6, 2008. August 29, 2008

    Proposed pretrial conference date: October 6, 2008

    Proposed trial dates: October 29, 2008

It should be noted that counsel for Defendant is not available for trial on July 14, 2008, September 29, 2008, October 20, 2008, or April 20, 2008 because of trials in other matters. Nor is counsel for Defendant available for trial the during August 2, 2008 through August 12, 2008 because counsel will be out of the country. Counsel for Plaintiff is not available for trial May 5, 2008, May 27, 2008 because of trials in other matters. Further, counsel for plaintiff is not available for trial June 23, 2008 through July 6, 2008 and December 12, 2008 through January 6, 2009 as counsel will be out of the country.

**18. Trial:** A jury trial is not available under the Federal Tort Claims Act by statute. Defendant opposes any request for jury. Plaintiff has requested a trial by jury and anticipates a trial will last seven court days.

**19. Disclosure of Non-Party Interested Entities or Persons:** The disclosure requirement in Civil L. R. 3-16 does not apply to governmental entities. Plaintiff asserts there

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
C-07-5846 JSW

1  are no other non-party interested entities or persons.

2      **20. Other Matters:** None.

4  DATED: February 29, 2008          Respectfully submitted,
                                      JOSEPH P. RUSSONIELLO
5                                                            United States Attorney
                                                                        /s

7                                                   _____
                                                 MELISSA K. BROWN
                                                 Assistant United States Attorney
8                                                                        /s

9  Dated: February 29, 2008          _____
                                                 DONA COHN-PAYNE
10                                                  Attorney for Plaintiff

### [PROPOSED ] ORDER

The Case Management Statement and Proposed Order is hereby adopted by this Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition the court orders:

**IT IS SO ORDERED.**

Dated: _____                      _____
                                               JEFFREY S. WHITE
                                               United States District Court Judge